failure or omission of the referee to advertise said sale, and the adjournment thereof, as required by law and the rules and practice of this court.

The court at General Term say : " Rule 74 does not require the publication of adjournments. The adjournment may be for a time so short as not to allow any publication to be made, in which case none clearly could be made. If it be for a longer period, then, whether any publication thereof should have been made, or whether the one actually made was sufficient, must depend on the circumstances of each particular case. The omission of publication in any case does not entitle any person, as matter of legal right, to avoid the sale. An application for that purpose must be addressed to the discretion of the court to be exercised in furtherance of justice. As the application in this case was made solely upon the ground of irregularity, we think it was properly denied."

*C. C. Egan,* for the appellant. *J. Milton Stearns, Jr.,* for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.

---

P. F. HUGHES, APPELLANT, *v.* THE VERMONT COPPER MINING COMPANY, RESPONDENT.

*Inconsistent remedies, not permitted — Action against corporation for conversion of stock — inconsistent with action to recover dividends subsequently declared on the stock.*

APPEAL from a judgment in favor of the defendant, entered on the decision of the justice at a Special Term. The action was for dividends declared by the defendant, a corporation located in Vermont, on shares of its stock formerly owned by F. Cutting and J. E. Smith. While the stocks were owned by them, the company, holding the meetings out of that State, assessed the stocks, and sold

them on the assessments, for non-payment thereof. The plaintiff
in this action was the assignee of one Ormsby, who was the assignee
of F. Cutting and J. Smith. Before the assignment by Ormsby
to the plaintiff, and before the dividends sued for were declared,
he (Ormsby) brought an action against the company for conversion
of the stock.

The court at General Term say : "Although the sale of the stock of
Cutting and Smith was illegal, yet, as the corporation had fully rati-
fied the transfer thereof to the purchaser at such sale, such transfer,
coupled with the subsequent refusal by the corporation to recog-
nize Ormsby, the plaintiff's assignor, who had succeeded to the
rights of Cutting and Smith, as owner of the stock, and to pay
him the dividends thereon, were unequivocal acts of conversion
and subjected the corporation to an action by Ormsby to recover
the damages consequent thereon, or to a suit in equity to compel
the corporation to accord to him the rights and privileges of a
stockholder, and to pay him the dividends which had accrued upon
the stock. It appears that Ormsby elected to pursue the former
remedy, and brought an action of trover to recover the damages
which he had sustained by reason of the conversion. That remedy
is entirely inconsistent with the claim made in this suit to be paid
the dividends which have accrued on the stock. One proceeds on
the ground that he has been illegally divested of the stock, while
the other rests upon the allegation that he owned it until he
assigned it, and that his assignee still owns it. A party cannot be
permitted thus to seek inconsistent remedies. He must elect to
pursue one or the other of them. The bringing of the action of
trover was an election of that remedy, and forever precluded a
resort to the other. (Com. Dig., Election, 62 ; *Fireman's Ins. Co.
v. Lawrence*, 14 Johns., 55 ; *Morris* v. *Rexford*, 18 N. Y., 552 ;
*Rodermund* v. *Clark*, 46 id., 354 ; *Goss* v. *Mather*, id., 689.)
The plaintiff being the assignee of Ormsby stands in his shoes.
The doctrine of election of remedies, as applied to the facts of this
case, is plainly equitable and just. It appears that Ormsby's
action of trover is still pending. The same evidence which would
entitle him to a recovery in that action, would also entitle his
assignee to recover in this ; hence, if both remedies should be tol-
erated, there might be a double recovery, namely, in one action

for the value of the stock at the time of the conversion, with the interest thereon, and in the other for the dividends which represent the interest on the value of the stock.

*R. K. McOrmsby,* for the appellant. *Moses Ely,* for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J, GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.

---

CHARLES ROE, APPELLANT, *v.* ANN E. ANGEVINE AND OTHERS, RESPONDENTS.

*Infant — General denial by — evidence which confesses and avoids allegations of complaint, not admissible under — Code, § 149.*

APPEAL from a judgment, entered upon the report of a referee in favor of the defendants.

This was an action for the foreclosure of a mortgage of $2,000 on premises in Brooklyn, with the accompanying bond of C. D. Conkling, for default in payment of interest, pursuant to its interest clause.

The mortgage was made pursuant to order of Special Term on the lands of three infants, Ann Elizabeth, Ida Francis and Phœbe Angevine, by their special guardian, now deceased, as directed by an order on petition and proceedings recited therein, and said bond likewise. The bond and mortgage were introduced in evidence, and also the petition of said infants, orders and reports thereon recited therein, and admitted.

The infants answered by guardian *ad litem;* answer set forth general denial, but alleged no ground of avoidance or affirmative defense. The referee allowed evidence by the infants, in avoidance of the confessed obligation of the bond and mortgage.

The court at General Term say : " The defense is not set up in the answer, and it consists of new matter, which confesses and avoids the cause of action. Such a defense cannot be given in evidence under a